# May *against* Kornhaus.

A workman who contracts with the Commonwealth for the construction of a piece of work upon the Pennsylvania Canal for a stipulated price, is liable upon an implied assumpsit to pay the owner of the land on the line of the work from whom he takes the materials used in its construction.

One who contracts to do work for the Commonwealth is entitled to any peculiar advantage which the law provides for the Commonwealth, as if by its own agents it were doing the work; and, therefore, in estimating the damages done to the owner of land from which materials were taken, it is a legitimate inquiry, whether, upon the whole, an injury was done to the land of the plaintiff.

ERROR to the Common Pleas of *Lancaster* county.

The administrators of Jacob Kornhaus against Michael W. May, surviving partner of May & Jones. This was an action of assumpsit in which the plaintiff declared for goods sold and delivered. It appeared that the defendant, with his partner, were contractors for rebuilding a lock on the Pennsylvania Canal for the State, at and for a stipulated price. They obtained materials, stone and sand from the land of the plaintiff's intestate, and this suit was brought to recover the price. Independent of some proof that was given of a special contract between the parties with regard to the materials, two questions arose on the trial:

1st. Whether an action would lie at all against the defendant, he being a contractor with the State, who by law had a right to enter upon land along the line of canal and take materials, and for which another mode of assessing the damages was provided.

2d. Whether the amount that the plaintiff was entitled to recover was to be measured exclusively by the value of the materials which the defendant received, or whether it was not a legitimate subject of inquiry before the jury what amount of damage was done to the land of the plaintiff by taking the materials from it; and this latter question arose out of an offer of the defendant to prove that the taking of the materials was rather a benefit to the plaintiff's land than otherwise.

The court below ruled both points against the defendant, and they came before this court on bills of exception.

*Stevens,* for plaintiff in error.
*Frazer,* for defendant in error.

The opinion of the Court was delivered by

ROGERS, J. — This is an action of assumpsit on the common money counts, for goods sold and delivered. The materials, which consisted of stone, locust timber, and sand, were used by the de-

[May v. Kornhaus.]

fendants in the construction of a lock on the public works. The defendants, who were contractors, agreed to build the lock for a certain stipulated price; and it has been ruled in a case not yet reported, that they are personally liable to the owner of the land for the materials taken for its construction on an implied assumpsit. Moreover, it would seem (if the witnesses are to be believed) that the defendants made an express promise to pay for the materials so used, so that the action is well brought against the defendants; and the only matter of doubt is as to the measure of damages. The action is in substance to recover the value of the privilege to quarry stone, cut timber, and take sand from land of the plaintiff contiguous to the public works. The defendants, it must be observed, stood in the place of the Commonwealth, and the question therefore must be viewed in the same manner as if the claim had been preferred against them. The contractors had the right by force of the contract to go on the plaintiff's land to procure the materials necessary for the prosecution of the work; and in estimating the damages they are entitled to every advantage and any defence which would have availed the latter. We must presume that these matters were taken into consideration in making the agreement; and if they were, any advantage peculiar to the public was so considered that the price of construction was so much less on that account. They form part and parcel of the contract itself. The plaintiff, having given evidence of the quantity and value of the stone, &c., used, the defendant then offered to prove that in taking them he did no injury to the plaintiff, but that on the whole it was an advantage rather than a disadvantage to his estate; and further, that in taking off the knob of stone, he did not render the land less valuable. The evidence was offered for the avowed purpose of lessening the value of the materials for which the action is brought, and in this point of view it ought to be received. In estimating the value of a privilege, a license to quarry stone or take sand from another's land, it would be right to take into the calculation whether it would be a benefit rather than an injury to the owner. It is obvious that if a man is about to sell the right to quarry stone on meadow or arable land in itself valuable, he will ask and be entitled to receive more for it than for quarry leave on land not susceptible of tillage or capable of being used for any agricultural purposes. As against the Commonwealth it cannot be doubted that the owner would be entitled to compensation only in proportion to the value of the article to the owner himself. If worth nothing, he would be entitled to nothing, whatever might be the benefit which would arise to the public from the use of the material. The compensation which in justice should be allowed is more or less as it is injurious or beneficial to the owner. In fixing the amount of damages we do not perceive the justice of the rule allowing the plaintiff the difference between the expense of transporting the stone from his quarry and the

[May v. Kornhaus.]

charges of conveying it from the neighbouring quarries. The whole policy of the law is to give the owner of land a fair compensation and no more for any injury he may sustain by reason of the construction of the public works. They are entitled to a fair equivalent only, and this they owe as much to the generosity of the Commonwealth as to any legal title to remuneration as to the land itself from strict principles of law. If individuals get the price which it is worth to them, it is all they in justice can require; and this principle, as has been before said, is applicable as well to works constructed by contracts, as under the immediate superintendence and directions of agents specially appointed for that purpose. It cannot be permitted that individuals should speculate on the necessities of the Commonwealth, exacting an exorbitant price for articles indispensable to the erection of works constructed alone for the general welfare. We think the court erred in ruling out evidence offered in the first and second bills, and in the charge on the subject of damages. In other respects we perceive no error. We also think it right to observe that the general advantage or benefit derived to the owner of the land forms no part of the case, as that applies only to the original construction, and not to that which properly comes under the head of repairs. The presumption is that it has been allowed in previous settlements; and to allow it now would make the owner pay twice for the same thing.

Judgment reversed, and a *venire de novo* awarded.