Lowry, Appellant, *v.* Commonwealth.

Argued September 25, 1950. Before DREW, C. J., STERN, STEARNE, JONES and LADNER, JJ.

*James B. Landis,* with him *P. G. Cober,* for appellant.

*Phil H. Lewis,* Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, *T. McKeen Chidsey,* Attorney General and *Paul E. C. Fike,* Associate Counsel, for appellee.

OPINION BY MR. JUSTICE LADNER, November 13, 1950:

The Commonwealth, through its Deputy Secretary of Highways, entered into an agreement with A. Kent Miller, identified in said agreement as the owner of certain lands in which were located a mine shaft, tipple and culm, slate or gob pile. The agreement gave the Commonwealth the right to remove this material of the gob pile for use in the repair of State Highway Route No. 55042, Somerset County, to which said land was adjacent. The Commonwealth's Highway employes removed a portion of the slate or culm from the dump and at the request of Miller filled in the nearby mine shaft.

It appears that Miller and the Commonwealth were both mistaken in their belief that the land on which the slate dump or gob pile and mine shaft were located was the property of the said Miller. Miller was the adjoining land owner but did not own the property in question. The appellant, Samuel N. Lowry, was the real owner.

Plaintiff, claiming to have suffered damages to be measured by the value of the material taken and used by the Commonwealth and the cost of removing the fill, etc., from the mine shaft, first sued the Commonwealth in trespass which action on preliminary objections the learned court below dismissed and we think rightly so because of the absence of statutory authority permitting the Commonwealth to be sued in such an action. The court suggested that the plaintiff's proper remedy was under the Act of 1811, P.L. 145, 5 Sm. L. 228, and The Fiscal Code of April 9, 1929, P.L. 343 (72 P.S. 1 et seq.).

However, instead of pursuing this suggested remedy, the plaintiff filed a petition in the common pleas court for the appointment of viewers. The viewers upon appointment and after a view and hearing, awarded the appellant $1,800. damages.

The Commonwealth then petitioned the court for a rule to show cause why the appointment of viewers should not be stricken off and from the decree of the court below making absolute this rule and vacating the view proceeding, we now have this appeal.

The appellant argues first that the Act of June 1, 1945, P.L. 1242 (36 P.S. 670-401) confers on the Secretary of Highways all of the rights and powers given to the supervisors and commissioners of townships; second, that the Act of May 1, 1933, P.L. 103, Sec. 1150, 1151 (53 P.S. 19093-1150, 1151) subsequently amended and incorporated in The Second Class Township Code of July 10, 1947, P.L. 1481, Section 17 (53 P.S. 19093-1150, 1151) gives the township supervisors the power, "When road material cannot be conveniently obtained by contract at reasonable prices, the supervisors of townships may enter upon any land or enclosure within their township lying near the road, and dig, gather, and carry upon the road any stones, sand, gravel or other road material which they think necessary to

make, maintain, or repair the road . . . . Whenever the supervisors and the owners of the land cannot agree upon the damages, the same shall be assessed by viewers to be appointed and to make report as provided in this act in the case of eminent domain proceedings"; third, that because of the grant to the highway department of the rights and powers conferred on township supervisors, there is by implication also imposed on the Commonwealth the same liability as that expressly imposed on township supervisors, enforceable by the same procedure.

We all agree with the court below that liability of the Commonwealth cannot be imposed by any such implication especially in view of the fact that the State Highway Act of 1945, P.L. 1242, Secs. 205, 6, 7, 8 etc. (36 P.S. 670-205, 670-206, 670-207, 670-208) carries its own provisions as to what damages and by what proceedings and under what limitations the owner or owners of land entered upon may recover compensation.

Next the appellant argues in justification of his procedure that Section 205 of the State Highway Act of June 1, 1945, P.L. 1242 (36 P.S. 670-205) authorizes the damages sustained by him to be determined by eminent domain proceedings, but a full reading of the complete section referred to shows the damages therein mentioned are such as arise pursuant to the entry of the Commonwealth for the purpose of making road surveys. This section has, therefore, no application to the situation in this case.

Finally, it is argued that the Commonwealth, by appearing before the viewers through counsel, cross examining witnesses, offering testimony, etc., and failing to file exceptions after the award, waived all objections to the jurisdiction. But the learned counsel for the appellant fails to distinguish between the two classes of objections to jurisdiction, viz., objections to juris-

diction relating to the authority over the parties, that is, arising by reason of defective or improper service and the like, and objections relating to the authority of the court or tribunal over the subject matter. The former can be waived and such objections are illustrated by the cases cited in the appellant's brief. The latter, however, cannot be waived by any acquiescence in the proceeding, and such objection may be raised at any stage of the proceeding: *Lewisburg Bridge Co. v. County of Union and County of Northumberland*, 232 Pa. 255, 81 A. 324 (1911); *Stork v. Philadelphia*, 195 Pa. 101, 45 A. 678 (1900).

We must therefore affirm the judgment of the court below. We recognize that the appellant has suffered an injury for which he ought to be recompensed. We are of the opinion there is a remedy under the Act of March 30, 1811, P.L. 145, 5 Sm. L. 228, supplied or reenacted in The Fiscal Code of April 9, 1929, P.L. 343 (72 P.S. 405) which reads, "The Department of the Auditor General shall examine and adjust, according to law and equity, the accounts of all persons, associations, or corporations, having claims against the Commonwealth," and section 1003, which reads, "The Auditor General and State Treasurer shall continue to have the power to adjust and settle claims against the Commonwealth, as now provided by law," etc.

In *Merchants' Warehouse Co. v. Gelder*, 349 Pa. 1, 36 A. 2d 444 (1944), this Court, speaking through the then Chief Justice MAXEY, held these officials must be considered as a judicial or quasi judicial tribunal established in furtherance of a public policy extending as far back as 1782, to enable claimants who ordinarily would have been barred by the prerogative of sovereign immunity against suit, to have a method of redress against the Commonwealth. In spite of the archaic phraseology which speaks of examining and adjusting

"accounts" of persons having claims against the Commonwealth, the Act of 1811 was never construed so narrowly as to limit redress to those persons only who might have express contracts with the Commonwealth or its agencies. On the contrary, it has been given a most liberal construction to include virtually every type of claim except those for which special remedies are otherwise provided (cf. *Kaufman Construction Co. v. Holcomb*, 357 Pa. 514, 55 A. 2d 534 (1947), and State Highway Act of 1945, supra) and actions for negligence or for consequential damages. Examples of this liberal construction will be found in the cases of *Fitler v. Commonwealth*, 31 Pa. 406 (1858) and *Souder v. Commonwealth*, 48 Pa. C. C. 534 (1920). Indeed since the Constitution of 1874 has made it impossible to enact special laws granting an individual a right of action against the Commonwealth (see *Collins v. Commonwealth*, 262 Pa. 572, 106 A. 229 (1929)) there is even a greater need for a liberal construction of this remedial Act.

Without then attempting to catalog the various types of suits which fall within the purview of the above section of The Fiscal Code and its predecessor Act of 1811, it is enough to say that the case before us, which we regard sui generis, is not one of negligence or consequential damage, and though it may also sound in tort, it is one of that class of actions in which the tort can be waived and redress had by action of assumpsit: *McCullough v. Gas Co.*, 213 Pa. 110, 113, 62 A. 521 (1905). See also as an analogous case, *May v. Kornhaus*, 9 W. & S. 121 (1845), where an action of assumpsit was permitted to be brought against a contractor employed by the Commonwealth to rebuild a lock on a state canal and which contractor had entered plaintiff's land to obtain materials stone and sand therefrom. Certainly the appellant here is entitled to the equitable consideration of his claim which arose

solely because of the Commonwealth's unintentional and unfortunate mistake.

We agree therefore with the statement at the end of Judge Boose's opinion sustaining preliminary objections to the appellant's action in trespass and which we here repeat with approval and apply to the present proceeding. "Although the present action cannot be maintained, the plaintiff is not without a remedy. Notwithstanding that the Commonwealth may not be sued without her consent, the Legislature has made provision for the recovery of claims against the Commonwealth by the Act of March 30, 1811, P. L. 145 (5 Sm. L. 228) and The Fiscal Code of April 9, 1929, P.L. 343 (72 P.S. 1 et seq.). This remedy and procedure will more clearly appear in the following cases: Fitler v. Commonwealth, 31 Pa. 406; Souder v. Commonwealth, 48 C. C. 534; Somerset Contracting Co. v. Commonwealth, 48 C. C. 573; Merchants' Warehouse Company v. Gelder et al., 349 Pa. 1."

Judgment affirmed without prejudice to plaintiff's right to pursue his appropriate remedy as herein set forth.