Pioneer Belting, Hose and Packing Corporation *v.* Commonwealth of Pennsylvania.

Argued May 6, 1971, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*Michael Edelman,* for appellant.

*Harold R. Prowell,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, June 8, 1971:

This is an appeal from an order of the Board of Finance and Revenue, entered December 23, 1970. The appellant was notified of said order on December 28, 1970. This appeal was filed on February 19, 1971. The Commonwealth has moved to quash the appeal in that it was filed more than 30 days beyond the day when the order was entered. We must grant the motion to quash.

In September of 1961 premises owned by appellant were condemned for highway purposes. Appellant did not remove personal property and proceedings were instituted in December of 1962 by the Commonwealth in the Court of Common Pleas of Philadelphia for possession. In due course a writ of possession was issued. The personal property was removed and stored at a cost of $5,251.80. When appellant declined to pay the removal and storing charges, the personal property was sold at public auction for $1,000. The appellant

asserts the value of the personal property to have been $78,537.50.

Relying on the dicta of *Lowry v. Commonwealth*, 365 Pa. 474, 76 A. 2d 363 (1950), the appellant presented a claim against the Commonwealth before the Board of Claims. The Board of Claims refused the appellant's claim by order entered November 24, 1969. Appellant filed a petition for resettlement to the Board of Claims which was refused on July 2, 1970.

Appellant, on July 19, 1970, filed a petition for review before the Board of Finance and Revenue. The case was heard by the Board of Finance and Revenue on December 22, 1970 and the following order was entered: "This petition for review is refused and the action taken by the Board of Claims is hereby sustained." Notice was mailed to appellant's attorney on December 28, 1970. This appeal followed on February 19, 1971.

There can be no doubt that the time for appeal is fixed at 30 days in Article V, Section 502 of the Appellate Court Jurisdiction Act of July 31, 1970, P. L. , No. 223, 17 P.S. 211.502. Whether we would consider the time to run from December 23, 1970 or December 28, 1970, more than the required time had elapsed well before February 19, 1971. There is no merit in appellant's argument that the 60-day appeal period provided in Section 1104 of Article XI of the Fiscal Code, Act of April 9, 1929, P. L. 343, Art. XI, §1104, as amended, 72 P.S. 1104, still applies. It was repealed by the Appellate Court Jurisdiction Act of 1970, *supra*.

We have set forth the procedure in this case in detail only to show that appellant's claim has received substantial consideration and has been refused. We expressly do not approve or disapprove of this procedure or the dicta in *Lowry v. Commonwealth, supra*.

We are not unmindful of the problems involved in procedural changes, especially with regard to time for

appeal. It was to establish a uniform time for appeals to all courts that the 30-day provision was placed in Article V, "General Provisions" of the Appellate Court Jurisdiction Act of 1970, to apply to all courts. There are no extenuating circumstances in this case such as fraud or misinformation supplied by appellee, court or administrative personnel, or any similar situation.

The Court has no alternative but to quash the appeal.