410 A.2d 292

**CENTRAL STORAGE & TRANSFER CO., Appellant,**

**v.**

**Henry H. KAPLAN, Chairman, Daniel W. Pennick, Edwin Winner and the Pennsylvania Liquor Control Board, Appellees.**

Supreme Court of Pennsylvania.

Argued May 22, 1979.

Decided Dec. 21, 1979.

Reargument Denied Feb. 6, 1980.

Thomas D. Caldwell, Jr., Harrisburg, for appellant.

J. Leonard Langan, Harrisburg, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

LARSEN, Justice.*

In the summer of 1972, the appellant, Central Storage and Transfer Co., and officers of the Pennsylvania Liquor Control Board (hereinafter "the Board") began negotiations for the leasing of space in a warehouse appellant had under construction. The officers of the Board informed appellant that the Board would lease a substantial portion of the warehouse if it were constructed to meet the Board's needs. Shortly thereafter, on September 8, 1972, the appellant granted the Pennsylvania Department of Property and Supplies (now the Department of General Services) a ninety-day option to lease warehouse space for the use of the Board. The option incorporated the terms and specifications that the Board's officers had given appellant and, subsequent to its execution, appellant altered its plans and completed construction of the building in conformance with those specifications.

On November 1, 1972, the Board approved the option to lease. The Department of Property and Supplies, however, refused to enter into the lease, and the Board then refused to occupy the premises.[1] After unsuccessful efforts to rene-

---

* This case was reassigned to the author on November 14, 1979.

1. Section 207(e) of the Liquor Code provides:
    Under this act, the board shall have the power and its duty shall be:

      .     .     .     .     .

    (e) Through the Department of Property and Supplies as agent, to lease and furnish and equip such buildings, rooms and other accommodations as shall be required for the operation of this act. Act of April 12, 1951, P.L. 90, art. II, § 207, *as amended,* 47 P.S. § 2–207 (1969).
    Section 2402(d) of the Administrative Code provides:
    The Department [of Property and Supplies] shall have the power, and its duty shall be:

      .     .     .     .     .

    (d) To contract in writing for and rent proper and adequate offices, rooms, or other accommodations, outside of the Capitol buildings, for any department, board, or commission, which cannot be properly and adequately accommodated with offices, rooms, and accommodations in the Capitol buildings; . . . *It shall be*

gotiate with the Commonwealth and to lease the premises to another party, appellant filed a claim with the Board of Claims seeking reimbursement from the Liquor Control Board of the monies it had expended in altering the warehouse to suit the Board's needs.

The Auditor General and State Treasurer, sitting as the Board of Claims, "settled" the claim against the Liquor Control Board and awarded appellant damages. Following the denial of a petition for resettlement, the Liquor Control Board filed a petition for review with the Board of Finance and Revenue, which reversed the Board of Claims and "resettled" the claim in favor of the Liquor Control Board. Appellant then filed a petition for review with the Commonwealth Court. After hearing the case *de novo,* that Court entered an order dismissing appellant's petition, and appellant brought this appeal.

Appellant contends that its right to recovery is clearly set forth in the Restatement (Second) of Contracts § 90,[2] and that the Commonwealth Court, therefore, erred in dismissing its petition for review. We disagree; even assuming that appellant has made out a claim under § 90 of the Restatement (Second) of Contracts,[3] that theory of recovery

*unlawful for any other department, board, commission, or agency of the State Government to enter into any leases,* . . . Act of April 9, 1929, P.L. 177, art. XXIV, § 2402, *as amended,* 71 P.S. § 632 (Supp.1979–80) (emphasis supplied).

**2.** "§ 90. *Promise Reasonably Inducing Action or Forbearance.*

A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires."

**3.** Appellant, in paragraph 16 of its answer to the Liquor Control Board's petition for review in the Board of Finance and Revenue, admits that it should have known that a lease could not be entered into without the approval of the Department of Property and Supplies. Moreover, the option to lease was granted by appellant to the Department of Property and Supplies, not the Liquor Control Board, and that option specifically states that the Department of Property and Supplies is to be the designated lessee. There is, therefore, some question as to the *reasonableness* (see n.2) of appellant's expenditure of money in reliance on the representations of the Liquor Control

may not be advanced against the Liquor Control Board under the circumstances of this case.

The doctrine embodied in § 90 of the Restatement (Second) of Contracts, the doctrine of promissory estoppel, is the law of Pennsylvania. *Murphy v. Burke,* 454 Pa. 391, 311 A.2d 904 (1973). It is also the law of Pennsylvania that the Commonwealth or its subdivisions and instrumentalities cannot be estopped "by the acts of its agents and employees if those acts are outside the agent's powers, in violation of positive law, or acts which require legislative or executive action." *Kellams v. Public Sch. Emp. Retirement Bd.,* 486 Pa. 95, 403 A.2d 1315, 1318 (1979) (Larsen, J., Opinion in Support of Reversal) (citations omitted). As a result, "[p]ersons contracting with a governmental agency must, at their peril, know the extent of the power of its officers making the contract." *Commonwealth v. Seagram Distillers Corporation,* 379 Pa. 411, 417, 109 A.2d 184, 188 (1954); see also *Breinig v. Allegheny County,* 332 Pa. 474, 2 A.2d 842 (1938).

In the instant case, the portions of the Liquor Code and Administrative Code set forth in note 1, *supra,* make it clear that the Liquor Control Board is without authority to enter into the lease of warehouse space. Appellant, however, alleges that the acts and statements of officers of the Liquor Control Board nevertheless led it to believe that the Board could and would enter into the lease. Appellant argues that since it detrimentally relied on these acts and statements, they are actionable under the doctrine of estoppel set forth in § 90 of the Restatement (Second) of Contracts. This argument ignores the fact that the Liquor Control Board, and thus its officers, are by statute without power to enter into such leases and expressly prohibited from doing the same. The alleged acts and statements upon which appellant bases its cause of action cannot, therefore,

Board alone. See, e. g., *Northwestern Nat. Bank v. Commonwealth,* 345 Pa. 192, 27 A.2d 20 (1942).

be used to bind the Liquor Control Board, and the Commonwealth Court properly dismissed appellant's petition. *See Commonwealth v. Seagram Distillers Corporation, supra; In re Whitford's Liquor License,* 166 Pa.Super. 48, 70 A.2d 708 (1950); and *Willis v. York County Poor Directors,* 284 Pa. 138, 130 A. 401 (1925).

The order of the Commonwealth Court is affirmed.

NIX, J., concurs in the result.

ROBERTS, J., filed a dissenting opinion.

MANDERINO, J., did not participate in the decision of this case.

ROBERTS, Justice, dissenting.

Unlike the majority, I am satisfied that the order of the Board of Claims granting appellant relief should be sustained. Our Legislature has long given the Board of Claims broad jurisdiction to "adjust and settle claims against the Commonwealth . . .." The Fiscal Code, Act of April 9, 1929, P.L. 343, § 1003, 72 P.S. § 1003 (1949). As this Court observed in *Lowry v. Commonwealth,* 365 Pa. 474, 479, 76 A.2d 363, 366 (1950), the authority of the Board of Claims to provide redress is not limited to instances where parties have "express contracts with the Commonwealth or its agencies." Rather, it extends to "virtually every type of claim. . . ." Here, the record demonstrates a sound exercise of discretion. Although the Board declined to award appellant lost profits on its proposed lease agreement with the Liquor Control Board, see Administrative Code of 1929, Act of April 9, 1929, P.L. 177, § 2402(d), as amended, 71 P.S. § 632(d) (1962), it could and did reasonably conclude that in fairness the Commonwealth should pay appellant monies appellant expended to prepare the premises for the Liquor Control Board. I would, therefore, reinstate the order of the Board of Claims.