## Geier v. Crockett Mortgage Co.

*David B. Schaumann,* for plaintiffs.
*Rees A. Griffiths,* for defendant.
*James J. Davis,* for additional defendant.

BUCKINGHAM, *J.,* April 8, 1983 — This matter is before the court on defendant Crockett Mortgage Company's motion for summary judgment. This cases is novel in that it presents to the court the question of whether a mortgage commitment is a contract.

The alleged facts in the case at bar are as follows: On August 7, 1980, Terry L. Geier and Cynthia A. Geier (Geiers) entered into an agreement to pur-

chase real estate form Cross Creek Enterprises, Inc. The Geiers applied for a mortgage commitment from Crockett Mortgage Company (Crockett) in order to finance the purchase of the real estate. On October 15, 1980, Crockett issued a commitment letter to the Geiers which stated the amount and term of the mortgage, the interest rate, the monthly payment, the conditions, the service charge, and the expiration date of the mortgage commitment. Within a week, the Geiers signed and returned the various documents as instructed by Crockett. In his deposition, Terry L. Geier stated that around October 7, 1980, after the Geiers received a commitment from the Department of Housing and Urban Development, they signed a contract to sell their property at 68 North Lehman Street in York, Pa. On November 12, 1980, before the commitment's expiration date, Crockett notified the Geiers that it would not honor the terms of the mortgage commitment.

It is noted the Crockett, in its new-matter states that a letter dated October 28, 1980, written by Geier's broker allegedly on behalf of the Geiers, requested that Crockett waive a condition of the commitment the requirement that the Geiers' property at 68 North Lehman Street be sold and settled prior to purchasing their new home and also that Crockett extend the expiration date of the mortgage commitment by one month. In their reply to the new matter, the Geiers deny that the letter to which Crockett refers was written by an agent of theirs or that they reviewed the letter or approved it at the time it was sent.

The Geiers subsequently bought another property and availed themselves of alternate mortgage financing at a higher rate. In this instant action filed on February 19, 1981, the Geiers are requesting

damages for Crockett's breach of its mortgage commitment.

O'Brien Home Builders, Inc. and Cross Creek Enterprises, Inc. were later joined as additional defendants in this action. Crockett filed this motion for summary judgment on December 22, 1982, on the basis that the mortgage commitment issued by Crockett is unenforceable as a contract.

It appears that the courts of Pennsylvania have not addressed the issue of whether a mortgage commitment is a contract. However, at least two other jurisdictions, California and New York, have. The District Court of Appeal of California in Morrison v. Home Savings & Loan Association of Los Angeles, 175 Cal. App. 2d 765, 346 P. 2d 917 (1960), where defendant Association made a loan commitment to the plaintiff and then allegedly breached its commitment, held that plaintiffs' allegations constituted "a cause of action against defendant Association predicated upon the doctrine of promissory estoppel . . . ." Morrison, 175 Cal. App. 2d at __; 346 P. 2d at 923. In Dubin Weston, Inc. v. Louis Capano & Sons, Inc., 394 F.Supp. 146 (Del. 1975), the District Court of Delaware, while applying the contract law of New York since New York was the place of performance of the contract in that case, stated at page 155:

"A commitment for a permanent mortgage loan is an enforceable contract under which a lender agrees to grant a mortgage loan at a later date . . . . Consequently, in order for a 'commitment' to exist it is necessary only that the lender and borrower-owner concur as to the essential terms of the future mortgage loan transaction . . ."

We also note that the Pennsylvania Bar Institute Publication Number 49 — Basic Real Estate Transactions (1974), in its discussion of the mortgage

commitment, cites Kratovil, Modern Mortgage Law and Practice (Prentice-Hall, 1972) Section 48, which states: "[I]f the mortgage intends for the commitment to be binding, and the borrower changes position in reliance on the commitment, the morgagee may be liable to the borrower." Kratovil cites the Morrison case as an example under this section of his book.

Pennsylvania recognizes the doctrine of promissory estoppel, Central Storage & Transfer Co. v. H. Kaplan, 487 Pa. 485, 489, 410 A.2d 292, 294 (1980). We find the reasoning of the Morrison court logical and persuasive, and therefore, shall deny Crockett's motion for summary judgment in this case.

## ORDER

And now, April 8, 1983, defendant, Crockett Mortgage Company's motion for summary judgment is dismissed.

An exception is granted to defendant, Crockett Mortgage Company.