597 A.2d 281

**DEPARTMENT OF ENVIRONMENTAL RESOURCES**
**and Commonwealth of Pennsylvania, Petitioners,**

v.

**Richard WINN and David Ehrlich, Respondents.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1991.

Decided Sept. 11, 1991.

376

Kenneth A. Gelburd, for petitioners.

Bruce L. Thall, for respondents.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Petitioners, the Department of Environmental Resources (DER) and the Commonwealth of Pennsylvania (collectively referred to hereinafter as the Commonwealth parties), appeal by permission of this Court an interlocutory order of the Board of Claims denying their motion for judgment on the pleadings.

In 1983, DER issued an *ex parte* remediation order, requiring, *inter alia*, Richard Winn and David Ehrlich, respondents herein, to undertake remedial measures and pay all costs and obligations deemed appropriate to remedy a hazardous condition at the Strasburg Landfill. Respondents appealed this order to the Environmental Hearing

Board, but were allegedly faced with the imposition of civil and criminal sanctions if they failed to comply with DER's *ex parte* remediation order pending disposition of their appeal. As a result, respondents allegedly expended in excess of one million dollars to comply with DER's *ex parte* remediation order.

Thereafter, the Environmental Hearing Board determined that the naming of respondents in the *ex parte* remediation order was an abuse of discretion and an error of law.[1] Respondents subsequently requested DER to reimburse the monies they were wrongfully compelled to expend as a result of the *ex parte* remediation order. Upon DER's refusal, respondents filed the instant statement of claim against the Commonwealth parties.

In response, DER initially filed preliminary objections which the Board of Claims denied. DER then filed a motion for judgment on the pleadings, contending that (1) the Board of Claims had no jurisdiction over respondents' challenge to DER action taken pursuant to departmental police and regulatory powers; (2) respondents' claim was barred by sovereign immunity; (3) respondents failed to state a claim upon which the Board of Claims could grant relief; and (4) respondents' claim was barred by the statutory limit on claims. By order dated February 27, 1991, the Board of Claims denied DER's motion, but certified that this matter involved a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal from its order may materially advance the ultimate determination of this matter.

Thereafter, the Commonwealth parties petitioned this Court for permission to appeal the Board of Claims' interlocutory order denying their motion for judgment on the pleadings. By order dated April 9, 1991, this Court granted

---

1. DER filed a cross petition for review in the nature of an appeal which this Court dismissed by order dated February 15, 1990. DER's later petition for allowance to appeal was denied by the Supreme Court.

the Commonwealth parties' petition [2] and will now address *seriatim* the following substantive issues presented for our consideration: (1) whether the Board of Claims has jurisdiction over respondents' statement of claim; (2) whether sovereign immunity bars respondents' claim; and, (3) whether the Board of Claims' six-month statute of limitations bars respondents' claim.

The Commonwealth parties first contend that the Board of Claims lacks jurisdiction over respondents' claim. Respondents counter that the Board of Claims has "fiscal code" and "*quasi* contract" jurisdiction over their claim.

Section 3 of the Act of October 5, 1978, P.L. 1104, *as amended*, 72 P.S. § 4651–4, directs that:

> The Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more. *The board shall also have exclusive jurisdiction to hear and determine those claims authorized by* the act of March 30, 1811 (P.L. 145,

---

2. Pa.R.A.P. No. 312 provides that "[a]n appeal from an interlocutory order may be taken by permission pursuant to Chapter 13 (interlocutory appeals by permission)." Pursuant to Chapter 13 of the Rules of Appellate Procedure, Rule 1311, "[a]n appeal may be taken by permission under 42 Pa.C.S. § 702(b) (interlocutory appeals by permission) from any interlocutory order of a lower court or other government unit." Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), provides, in turn, as follows:

> (b) Interlocutory appeals by permission.—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

*See also Department of Public Welfare v. UEC, Inc.,* 483 Pa. 503, 397 A.2d 779 (1979) (where the Board's certification of its interlocutory order complied with provisions relating to discretionary appeals from interlocutory orders, as here, this Court acts well within its discretionary authority in hearing the appeal).

Ch. XCIX), entitled 'An act to amend and consolidate the several acts relating to the settlement of the public accounts and the payment of the public monies, and for other purposes,' and continued by Article X, act of April 9, 1929 (P.L. 343, No. 176), [*as amended,* 72 P.S. §§ 1–1827.10,] known as *'The Fiscal Code,' wherein the Auditor General and State Treasurer were granted the power to adjust and settle certain claims against the Commonwealth.*

(Emphasis added.) Implementing regulations set forth at 61 Pa.Code § 851.2 describe the Board of Claims' "fiscal code" jurisdiction, noted above, as consisting of claims against the Commonwealth which arise from:

(1) *The furnishing of goods or services, or both, to the Commonwealth, where the furnishing of the goods or services, or both, is not within the terms of a valid, existing contract between the Commonwealth and the claimant,* or, if under a contract between the Commonwealth and the claimant, where the amount of the claim is less than $300.

(2) Action or inaction by Commonwealth employes giving rise to an *implied contract* to compensate the claimant.

(Emphasis added.)

 Pursuant to Section 405 of The Fiscal Code, 72 P.S. § 405, the Board of Claims exercises both law and equity jurisdiction. *Miller v. Department of Environmental Resources,* 133 Pa.Commonwealth Ct. 327, 578 A.2d 550 (1990). The Board of Claims' equity jurisdiction extends to all cases instituted in the form of contract actions; specifically, *quasi* contract claims and claims in *quantum meruit, Id.,* the *sine qua non* of both being unjust enrichment.

 In summary, the Board of Claims' jurisdiction extends only to assumpsit actions based upon certain specified claims alleging express, implied-in-fact and implied-in-

law contracts, the latter of which contemplates *quasi* contractual claims, including claims in *quantum meruit*.[3]

■ Because we are not here concerned with an actual or express contract between the Commonwealth parties and respondents, the only type of contract arguably present is a contract implied-in-law, *i.e.*, a *quasi* contract, including, of course, a claim in *quantum meruit*. This type of contract, as noted in n. 3, requires proof of unjust enrichment. In *Central Storage & Transfer Co. v. Kaplan*, 37 Pa.Commonwealth Ct. 105, 389 A.2d 711 (1978), *aff'd*, 487 Pa. 485, 410 A.2d 292 (1979), we discussed two Pennsylvania Supreme Court cases which concerned claims in *quasi* contract, *Lowry v. Commonwealth*, 365 Pa. 474, 76 A.2d 363 (1950)[4] and *Merchants' Warehouse Co. v. Gelder*, 349 Pa.

**3.** An express contract is formed when the terms of an agreement are declared by the parties. *Central Storage & Transfer Co. v. Kaplan*, 37 Pa.Commonwealth Ct. 105, 389 A.2d 711 (1978), *aff'd*, 487 Pa. 485, 410 A.2d 292 (1979).

Implied contracts are subdivided into contracts implied-in-fact and contracts implied-in-law. *Id.* A contract implied-in-fact is an actual contract which arises when parties agree upon the obligation to be incurred, but their intention is not expressed in words and is, instead, inferred from their actions in light of the surrounding circumstances. *Id.* This type of contract is, in essence, similar to an express contract. A contract implied-in-law, called *quasi* contract, imposes a duty, despite the absence of either an express or implied agreement, when one party receives an unjust enrichment at the expense of another party. *Id.; Birchwood Lakes Community Ass'n v. Comis*, 296 Pa.Superior Ct. 77, 442 A.2d 304 (1982). Accordingly, the doctrine of *quasi* contract or unjust enrichment does not require, as *sine qua non*, proof of a contractual relationship. *Schott v. Westinghouse Electric Corp.*, 436 Pa. 279, 259 A.2d 443 (1969) (*quasi* contracts may be found absent any expression of mutual assent); *Linnet v. Hitchcock*, 324 Pa.Superior Ct. 209, 215 n. 3, 471 A.2d 537, 540 n. 3 (1984).

The equitable doctrine of *quantum meruit* involves a class of obligations imposed by law, regardless of the intention or assent of the parties for reasons dictated by justice and is based on the concept that no one who benefits by the *labor and materials* of another should be unjustly enriched thereby. To avoid such unjust enrichment, the law implies a promise to pay a reasonable amount for the labor and materials furnished, even absent a specific contract therefor. In short, this doctrine describes the extent of liability on a contract implied-in-law for labor and materials and, while there is no contract *per se*, the form of action is contract. Black's Law Dictionary 1119 (5th ed. 1979).

**4.** It is respondents' position that *Lowry* is controlling here.

1, 36 A.2d 444 (1944).

As we noted in *Central Storage & Transfer Co.*, the Commonwealth, in *Lowry*, benefited from road building materials it mistakenly took without permission from a claimant's property and, in *Merchants' Warehouse Co.*, a claimant provided, without contract, services incident to storage and distribution of liquor for the Commonwealth. In both instances, the Commonwealth was unjustly enriched because it received benefits which would be unconscionable for it to retain without compensating the providers thereof.

Here, however, the Commonwealth was not unjustly enriched as in *Lowry* and *Merchants' Warehouse Co.* Unlike the state highway in *Lowry* or the liquor operations in *Merchants' Warehouse Co.*, the landfill here was not state-owned, state-maintained, or state-operated and, therefore, no benefit was conferred upon the Commonwealth.[5]

For the foregoing reasons, we find that the Board of Claims lacks subject matter jurisdiction over respondents' claim. We will therefore reverse the order of the Board of Claims and remand this case to the Board with instructions to dismiss respondents' statement of claim.[6]

## ORDER

AND NOW, this 11th day of September, 1991, the order of the Board of Claims, dated February 27, 1991, at Docket No. FC–844–90 is hereby reversed. The above-captioned case is remanded and the Board of Claims is hereby directed to dismiss the statement of claim filed by Richard Winn and David Ehrlich for lack of subject matter jurisdiction.

Jurisdiction is relinquished.

5. We note in passing that it would appear that the parties actually liable for the remediation of the landfill were unjustly enriched by respondents' efforts. *See Tugboat Indian Co. v. A/S Ivarans Rederi*, 334 Pa. 15, 5 A.2d 153 (1939) (one who pays, under coercion or duress, the obligation of another is entitled to restitution from the real debtor).

6. The remaining issues need not be addressed in light of our disposition of the jurisdictional issue.