# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Puricelli,               :
                   Petitioner  :
                               :
          v.                   : No. 1440 C.D. 2023
                               : Submitted: August 8, 2025
Georgia Kolbas and City of     :
Philadelphia (Workers' Compensation :
Appeal Board),                 :
                   Respondents :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY JUDGE WALLACE                           FILED: December 23, 2025

Brian Puricelli (Former Counsel) petitions this Court for review of the Workers' Compensation Appeal Board's (Board) November 13, 2023 order (Order) affirming a Workers' Compensation Judge's (WCJ) decision (Decision) granting the Petition to Review Compensation Benefits (Review Petition) under the Workers' Compensation Act (Act)[1] filed by Georgia Kolbas (Claimant). After review, we affirm.

## BACKGROUND

In May 2014, while working for the City of Philadelphia (Employer), Claimant suffered a tick bite and developed a work-related Lyme Disease injury. Certified Record (C.R.) at 16.[2] By a March 24, 2016 order (Fee Order), a WCJ

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.
[2] References to the certified record reflect electronic pagination.

approved Former Counsel's 20% attorney's fee. *Id*. Employer issued an Amended Notice of Compensation Payable (NCP) on July 21, 2021. *Id*. at 17.

On November 8, 2022, Claimant filed a Review Petition seeking review of the Fee Order approving Former Counsel's attorney's fee, and noting the Pennsylvania Supreme Court suspended Former Counsel from the practice of law on July 11, 2022, until further definitive action by the Court. *Id*. at 8-9. On December 7, 2022, Levi Wolf, Esquire (Current Counsel) requested Former Counsel forward a copy of Former Counsel's file and *quantum meruit* statement to Current Counsel. *Id*. at 185. On December 29, 2022, Former Counsel filed a Petition to Intervene and Dismiss requesting the WCJ dismiss Claimant's Review Petition. *Id*. at 157-206.

The WCJ held hearings on this matter on December 7, 2022, and January 23, 2023. *Id*. at 16. At the first hearing, the WCJ did not permit Former Counsel to participate, although he appeared and observed the hearing. *Id*. at 113. The WCJ explained Former Counsel needed to file a petition to intervene so he could become a party in the Workers' Compensation Automation and Integration System and upload exhibits. *Id*. at 122. At the first hearing, Claimant testified she contracted Lyme Disease as a result of a tick bite at work in May 2014. *Id*. at 116. She indicated Employer accepted her claim via a Notice of Compensation Payable on March 2, 2015, and at that time, Former Counsel represented her. *Id*. at 116-17. According to Claimant, Former Counsel began receiving 20% of Claimant's benefits after the Fee Order was approved in March 2016. *Id*. at 117. Claimant testified she spoke to Former Counsel "within the year" about additional services she needed, and Former Counsel advised her she needed to obtain another lawyer because he retired. *Id*. Following that conversation, Claimant indicated she attempted to contact Former

2

Counsel several times, but he was unresponsive. *Id*. at 117. According to Claimant, she contacted Current Counsel and requested he represent her because she needed representation regarding a new treatment for her disease. *Id.* at 117. Claimant also indicated she agreed to Current Counsel receiving a five-percent attorney's fee. *Id*. at 119.

At the second hearing, the WCJ noted the exhibits in the record, including, in relevant part, the July 11, 2022 order of the Pennsylvania Supreme Court suspending Former Counsel and Former Counsel's position statement. *Id*. at 134. Former Counsel appeared, representing himself as an interested party, and admitted to being suspended with consent. *Id*. at 135.

In reaching her Decision, the WCJ, having had the opportunity to observe Claimant's demeanor while she provided testimony, found Claimant "entirely" credible and persuasive. *Id*. at 19. The WCJ found Claimant sustained a compensable work injury in May 2014 and had been receiving temporary total benefits as a result. *Id*. While Former Counsel represented Claimant for several years, the WCJ found Claimant wished to terminate Former Counsel's representation and have Current Counsel represent her in the ongoing claim. *Id*. The WCJ reviewed the fee agreement between Claimant and Current Counsel and found the agreement fair and reasonable. *Id*.

Regarding Former Counsel, the WCJ noted the Pennsylvania Supreme Court suspended Former Counsel's Pennsylvania attorney's license on July 11, 2022. *Id*. The WCJ considered that Former Counsel provided services to Claimant over the years including

> prosecuting two penalty petitions, work to amend the original NCP that denied the claim, securing unpaid Act benefits, resolution of a petition to compel an [Independent Medical Examination], dealing with the

3

Employer's Pension Board and actual/potential offset calculation. He counseled the claimant on [workers' compensation] matters.

*Id*. at 18. In addressing whether Claimant compensated Former Counsel for the reasonable value of his services rendered thus far, the WCJ explained:

> [Former Counsel's] position statement indicates that he had performed various services on behalf of Claimant, including but not limited to handling the original denial/subsequent [Notice of Compensation Payable] on the claim, litigating two Penalty Petitions and a Physical Exam Petition, securing medical care and medicines for her work injury and providing advice and other legal counsel to Claimant. For this work, [Former Counsel] has been collecting a weekly 20% attorney's fee ($92.06 per week) since March 24, 2016. Considering the extent and complexity of the work already performed, the Claimant's testimony in this matter, and that [Former Counsel] has so far collected over $32,000 for nearly seven (7) years since the last round of litigation, this [WCJ] finds that he has been reasonably compensated for his past services.

*Id*. at 20. The WCJ noted "Claimant should be free to move forward with her new counsel and new counsel should have the benefit of receiving a fee moving forward so that Claimant is confident her counsel is working diligently on her behalf and is giving her case his full time and effort." *Id*. Thus, the WCJ concluded Former Counsel was reasonably compensated for the services he rendered, and Current Counsel was entitled to an ongoing 5% attorney's fee. *Id*. Former Counsel appealed to the Board, and the Board issued its Order affirming the WCJ's Decision.

Former Counsel now petitions this Court for review. In the Statement of Questions Involved section of his Brief, Former Counsel raises the following issues:

> 1. Whether the [Board] err[ed] to affirm the WCJ when the WCJ granted a Review petition and changed a fee contract from contingency to quantum meruit, but without statutory authority for the review and not following the law and abusing discretion and denying constitutional rights to [Former Counsel,] such as due process and the Taking and

4

Contract clauses; also, by not following stare decisis and other judicial doctrines, which barred the petition?

2. Whether a Mistake must be plead to state a review petition; and if so to succeed on the petition a mistake must be provided with substantial evidence that appears in the record; finally, if the 300[-]day limitation period for a Review Petition begins at the time for the alleged mistake?

Former Counsel's Br. at 2-3.[3] In response, Claimant maintains the Board properly affirmed the WCJ's Decision granting Claimant's Review Petition to modify the fee paid to Former Counsel. Claimant's Br. at 1.

## DISCUSSION

This Court reviews workers' compensation orders for violations of a party's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. We also review whether substantial evidence supports the findings of fact necessary to sustain the Board's decision. *Id.* The WCJ is the ultimate fact finder in workers' compensation cases and is entitled to weigh the

---

[3] We note the doctrine of waiver is applicable in workers' compensation proceedings, and only issues properly preserved are subject to review by this Court. *Jonathan Sheppard Stables v. Workers' Comp. Appeal Bd. (Wyatt),* 739 A.2d 1084 (Pa. Cmwlth. 1999); *Riley v. Workers' Comp. Appeal Bd. (DPW/Norristown State Hosp.)*, 997 A.2d 382, 387-88 (Pa. Cmwlth. 2010). Pennsylvania Rule of Appellate Procedure 2116(a) provides:

> The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. *No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby*.

Pa.R.A.P. 2116 (emphasis added). Here, consistent with Pa.R.A.P. 2116, we address the issues Former Counsel raised in his Statement of Questions Involved section of his brief. However, insofar as Former Counsel attempts to argue additional issues in his brief, those issues are waived and will not be addressed. Moreover, we will not consider facts Former Counsel alluded to in his Brief that are not supported by the record. *See Kimberly Clark Corp. v. Workers' Comp. Appeal Bd. (Bullard)*, 790 A.2d 1072 (Pa. Cmwlth. 2001) (noting items that are not part of the record may not be considered by an appellate body on review).

evidence and assess the credibility of witnesses. *Montano v. Advance Stores Co., Inc. (Workers' Comp. Appeal Bd.)*, 278 A.3d 969, 978 n.4 (Pa. Cmwlth. 2022) (citing *Sharkey v. Workers' Comp. Appeal Bd. (Fed. Express)*, 786 A.2d 1035, 1038 (Pa. Cmwlth. 2001)). This Court will not disturb a WCJ's findings so long as there is substantial evidence in the record to support those findings. *Berardelli v. Workmen's Comp. Appeal Bd. (Bureau of Pers. State Workmen's Ins. Fund)*, 578 A.2d 1016, 1018 (Pa. Cmwlth. 1990). Regarding a WCJ's award of attorney's fees, we review the award under an abuse of discretion standard. *Samuel–Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1 (Pa. 2011). Where the amount and difficulty of the work performed by the attorney is reasonably related to the fee award, this Court will not disturb the award. *City of Phila. v. Workers' Comp. Appeal Bd. (Andrews),* 948 A.2d 221 (Pa. Cmwlth. 2008).

Section 440 and Section 442 of the Act address a claimant's attorney's fees, although each section serves a different purpose. *Neves v. Workers' Comp. Appeal Bd.*, 232 A.3d 996, 1003 (Pa. Cmwlth. 2020). Section 440 of the Act provides:

> (a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.
>
> (b) If counsel fees are awarded and assessed against the insurer or employer, then the workers' compensation judge must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues

6

involved, the skill required, the duration of the proceedings and the time and effort required and actually expended. If the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

77 P.S. § 996. Meanwhile, Section 442 of the Act[4] provides:

All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, shall be approved by the workers' compensation judge or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded.

In cases where the efforts of claimant's counsel produce a result favorable to the claimant but where no immediate award of compensation is made, such as in cases of termination or suspension, the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum. In the case of compromise and release settlement agreements, no counsel fees shall exceed twenty per centum of the workers' compensation settlement amount.

77 P.S. § 998. The Pennsylvania Supreme Court has explained that Section 440 of the Act protects Claimants "against unreasonable contests of a claimant's initial or continuing right to the benefits of the [A]ct[,]" whereas Section 442 of the Act aims at protecting claimants "against unreasonable fees charged and imposed on them by their attorneys under their own improvident fee agreements." *Neves*, 232 A.3d at 1003 (quoting *Weidner v. Workmen's Comp. Appeal Bd.*, 442 A.2d 242, 244 (Pa. 1982)).

In *Hendricks v. Workers' Compensation Appeal Board (Phoenix Pipe and Tube)*, 909 A.2d 445 (Pa. Cmwlth. 2006), this Court held pursuant to Section 442 of

---

[4] Added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 998.

7

the Act, a WCJ has the authority to resolve fee disputes between two successive attorneys where the initial counsel filed a fee agreement prior to discharge. *Id.* at 455. This Court explained resolving such a fee dispute requires balancing the attorneys' legitimate expectation of reasonable legal fees with the claimant's right "to be represented by counsel of his or her choice." *Id*. at 456. Although a claimant is entitled to be represented by counsel of her choice, that entitlement does not "unilaterally negate [her] liabilities toward [her] former counsel." *Id*. at 455 (citation omitted). Thus, in *Hendricks*, this Court explained "[t]he balancing of these two important interests, and its effect on the workers' compensation system, squarely places this issue within the competence of the WCJs and Board, authorities whose varied responsibilities include guarding the workers' compensation system." *Id*. at 456.

Where a claimant decides to terminate the services of an attorney with whom she has a contingent fee agreement, "the attorney is not deprived of his right to recover on a *quantum meruit* a proper amount for the services which he has rendered." *Hiscott & Robinson v. King,* 626 A.2d 1235, 1237 (Pa. Super. 1993). Under Section 440 of the Act, a "WCJ may, and indeed must, evaluate work performed by an attorney and may award attorney's fees on the basis of *quantum meruit* even if the attorney had signed a twenty-percent contingency agreement with his client." *Hendricks*, 909 A.2d at 456 (citing *Anderson v. Workmen's Comp. Appeal Bd. (Watkins Motor Lines)*, 671 A.2d 299 (Pa. Cmwlth. 1996)). The doctrine of *quantum meruit* is "based on the concept that no one who benefits by the labor and materials of another should be unjustly enriched thereby." *Dep't of Envtl. Res. v. Winn,* 597 A.2d 281, 284 n.3 (Pa. Cmwlth. 1991). To avoid unjust enrichment, the law implies a promise to pay a reasonable amount for the labor and materials

8

furnished. *Id.* In assessing attorney's fees, a WCJ must consider the complexity of the factual and legal matters involved, and the skill required and employed in handling the case. *Ramich v. Workers' Comp. Appeal Bd. (Schatz Elec., Inc.)*, 770 A.2d 318 (Pa. 2001); *see also Hendricks*, 909 A.2d at 458.

Initially, insofar as Former Counsel challenges the WCJ's authority to address this dispute, we conclude this issue was properly before the WCJ. In *Hendricks*, this Court held a WCJ has authority under Sections 440 and 442 of the Act to address fee disputes between successive counsel in a workers' compensation matter provided a WCJ approved a fee agreement before counsel was discharged. *See supra; Hendricks*, 909 A.2d at 455. Here, a WCJ approved Former Counsel's fee agreement with Claimant in 2016, which was well-before his suspension and discharge in 2022. Accordingly, consistent with *Hendricks*, 909 A.2d at 455, the WCJ had jurisdiction to resolve this dispute.

Next, in addressing this dispute, we determine the WCJ adequately balanced Claimant's right to select an attorney of her choice with both Former Counsel's and Current Counsel's expectations of receiving reasonable legal fees. In finding that Former Counsel was adequately compensated for his previous legal work, the WCJ relied on Claimant's testimony and Former Counsel's position statement, which outlined the work Former Counsel performed for Claimant. The WCJ properly considered that during the time he represented Claimant, Former Counsel handled the original denial and subsequent NCP on the claim, litigated two penalty petitions, litigated a physical exam petition, secured medical care and medication for Claimant's work injury, and provided advice and other legal counsel to Claimant. The WCJ noted that following the last round of litigation in this matter, Former Counsel collected over $32,000. The WCJ properly considered the extent and

9

complexity of the work Former Counsel performed. The authority to allocate the attorney fees between successive counsel lies with the WCJ. The WCJ did not abuse her discretion by concluding Former Counsel had been adequately compensated for his legal work, and Current Counsel was entitled to a 5% attorney's fee in the case going forward.

Insofar as Former Counsel asserts the WCJ and Board violated his due process rights, we do not agree. The constitutional guarantees of due process apply to proceedings before administrative tribunals, including the WCJ and the Board. *See Gow v. Dep't of Educ.*, 763 A.2d 528, 533 (Pa. Cmwlth. 1991) (citation omitted). Notably, "constitutional procedural due process is a flexible concept, and thus, implicates procedural protections as each particular situation demands." *Chester Water Auth. v. Pa. Pub. Util. Comm'n*, 868 A.2d 384, 391 (Pa. 2005). The essential requirements of procedural due process require notice and an opportunity to be heard. *Gow*, 763 A.2d at 533. (citation omitted); *see also Arnold v. Workers' Comp. Appeal Bd. (Lacour Painting, Inc.)*, 110 A.3d 1063, 1068 (Pa. Cmwlth. 2015). A WCJ is free to exclude evidence which it deems irrelevant, confusing, misleading, cumulative, or prejudicial. *Washington v. Workers' Comp. Appeal Bd. (State Police)*, 11 A.3d 48, 59 (Pa. Cmwlth. 2011) (citation omitted). We will not overturn a WCJ's determination regarding the admission or exclusion of evidence absent a showing of an abuse of discretion. *Id*. (citation omitted). A WCJ commits an abuse of discretion "where the WCJ's judgment is manifestly unreasonable, where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Allegis Grp. & Broadspire v. Workers' Comp. Appeal Bd. (Coughenaur)*, 7 A.3d 325, 327 (Pa. Cmwlth. 2010) (citation omitted).

Here, we discern no violation of Former Counsel's due process rights by the WCJ or the Board. Although the WCJ did not permit Former Counsel to participate in the first hearing, the WCJ allowed Former Counsel to represent himself at the second hearing and accepted Former Counsel's position statement, which she considered in rendering her Decision. Thus, Former Counsel had the opportunity to and, in fact, did present evidence regarding the work he performed for Claimant. Accordingly, neither the WCJ nor the Board violated Former Counsel's due process rights.

Finally, we do not agree with Former Counsel's assertion that the Board erred by addressing Claimant's improperly filed petition for review in this matter in which she did not assert a "mistake" was made in the initial fee agreement. *See* Former Counsel's Br. at 24. Even if we agreed a petition for review was not the proper pleading for Claimant to file in her effort to modify Former Counsel's fees in this case, we note the Act is to be "liberally construed to effectuate its humanitarian objectives . . . in the injured party's favor." *Tooey v. AK Steel Corp.*, 81 A.3d 851, 858 (Pa. 2013). Moreover, this Court has explained:

> Claimants in compensation cases are not required to observe strict rules of pleading, as it is not the policy of this court to strike down meritorious claims merely because of a failure to file a petition under the proper section of the statute. If the proof adduced indicates a right to relief in accordance with any provisions of the Act, the petition will be considered to have been brought under the appropriate section.

*Gen. Tire & Rubber Co. v. Workmen's Comp. Appeal Bd.*, 332 A.2d 867, 869-79 (Pa. 1975) (internal quotations omitted). Because, as addressed above, Claimant proved she was entitled to relief under the Act, it is inconsequential whether her petition was filed under the proper section of the statute. Therefore, the Board did not err by addressing Claimant's Review Petition.

11

**CONCLUSION**

For the above reasons, we hold the Board properly affirmed the WCJ's Decision granting Claimant's Review Petition. Accordingly, we affirm the Board's Order.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Puricelli,                              :
                           Petitioner         :
                                              :
            v.                                : No. 1440 C.D. 2023
                                              :
Georgia Kolbas and City of                    :
Philadelphia (Workers' Compensation           :
Appeal Board),                                :
                           Respondents        :

# **O R D E R**

**AND NOW**, this 23rd day of December 2025, the Workers' Compensation Appeal Board's November 13, 2023 order is **AFFIRMED**.

_____
STACY WALLACE, Judge