[J-23-2025] [MO: Donohue, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

|  |  |
|---|---|
| ERIE INSURANCE EXCHANGE A/S/O BATES COLLISION, INC. JAMES MYERS, ANITA MORGAN, LOSSIE AUTO SERVICE, AND BENEDICTINE SISTERS OF ERIE, INC., | : No. 19 WAP 2024 : : Appeal from the Order of the : Superior Court entered December : 21, 2023, at No. 1482 WDA 2021, : Reversing the Judgment of the |
| Appellee | : Court of Common Plea of Erie : County entered November 12, 2021, : at No. 12888-18. |
| v. | : : ARGUED: April 9, 2025 : |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | : : : |
| Appellant | : : : |
| v. | : : : |
| BATES COLLISION, INC., | : : : |
| Appellee | : |

## DISSENTING OPINION

**JUSTICE DOUGHERTY**                    **DECIDED: JANUARY 21, 2026**

I join Justice Brobson's concurring and dissenting opinion to the extent he would hold Erie had standing, and that even if there were any technical errors, "[i]n the absence of settled law requiring us to deny Erie its day in court based solely on a technicality that caused no prejudice," we should "not deny relief on that basis." Concurring and Dissenting Opinion at 3. I respectfully disagree with Justice Brobson, however, that *Pyeritz v. Commonwealth*, 32 A.3d 687 (Pa. 2011), forecloses Erie's promissory estoppel

claim. On this point, I agree with Erie that *Pyeritz*'s reasoning and holding were limited to negligent spoliation claims sounding in tort. *See Pyeritz*, 32 A.3d at 692 (focusing analysis on whether it was appropriate, as a matter of public policy, to affirmatively "impose[ ] a duty in tort not to commit negligent spoliation of evidence"). For promissory estoppel claims, we need not determine whether the public policy considerations discussed in *Pyeritz* support imposing a duty on the promisor, who acted on his or her own volition when making the subject promise. *See* Erie's Brief at 25 ("unlike tort claims where the existence of a 'duty' is central to the analysis and analyzed with public policy considerations in mind, a contractual claim has no such analysis because the **contract** creates the duty in the first place") (emphasis in original).

Moreover, while the *Pyeritz* Court was concerned with the speculative nature of damages for a negligent spoliation tort, damages are handled differently in promissory estoppel and contract actions. For one, although "[a]s a general rule, damages are not recoverable if they are too speculative, vague or contingent and are not recoverable for loss beyond an amount that the evidence permits to be established with reasonable certainty[,]" we have recognized in contract actions that "mere uncertainty as to the amount of damages will not bar recovery where it is clear that damages were the certain result of the defendant's conduct." *Spang & Co. v. U.S. Steel Corp.*, 545 A.2d 861, 866 (Pa. 1988) (citation omitted).

Additionally, damages available pursuant to a promissory estoppel theory are not limited to expectation damages (which, admittedly, could be speculative in these situations). *See* Restatement 2d Contracts §90(1) ("The remedy granted for breach may be limited as justice requires."); *id.* at cmt. d ("relief may sometimes be limited to restitution or to damages or specific relief measured by the extent of the promisee's reliance rather

than by the terms of the promise").[1]  Consider, for example, a scenario with facts similar to the present case, where the promisee can prove it has spent money preparing to litigate the underlying claim, but its lawsuit has been cut short by the promisor's failure to preserve evidence.  Such reliance damages could certainly be ascertainable.  It is therefore unclear why the *Pyeritz* Court's concern about the speculative nature of damages in a negligent spoliation context would apply to preclude a promissory estoppel cause of action in all cases.

I respectfully dissent.

---

[1] *Cent. Storage & Transfer Co. v. Kaplan*, 410 A.2d 292, 294 (Pa. 1979) ("The doctrine embodied in s[ection] 90 of the Restatement (Second) of Contracts, the doctrine of promissory estoppel, is the law of Pennsylvania.")