HEALTH SCAN, LTD.

v.

TRAVELERS INSURANCE CO.

Civ. A. No. 89–4503.

United States District Court,
E.D. Pennsylvania.

Nov. 28, 1989.

Arnold Levin and David J. Perlman, Levin, Fishbein, Sedran & Berman, Philadelphia, Pa., for plaintiff.

M. Duncan Grant and Susan K. Hoffman, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

## MEMORANDUM

WALDMAN, District Judge.

Plaintiff commenced this action for the cost of unpaid health care services provided to defendant's insureds, and for the value of plaintiff's business which it lost allegedly because of defendant's failure fully to pay for these services. Defendant, The Travelers Insurance Company ("The Travelers"), has filed a motion to dismiss the complaint, alleging that plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and that plaintiff lacks standing to sue under that statute.

The allegations in the complaint, construed most favorably to plaintiff, indicate the following facts. In February 1985, plaintiff established a health testing service and thereafter tested members of several labor organizations for possible job-related asbestos induced injuries and hearing loss. Defendant had previously issued health insurance policies for the members of each of these labor organizations. These policies covered asbestos and audio testing.

Plaintiff billed defendant directly for its services. Defendant paid plaintiff without complaint until July 1986, at which time a controversy ensued about plaintiff's billing procedures. Shortly thereafter, defendant resumed regular payments to plaintiff. Payments continued until approximately July 1988. At that time, defendant informed plaintiff that its bills were again under review.

Defendant paid plaintiff nothing on pending claims from July 1988 until February 1989. From that time onward, defendant made payment on old claims, but at greatly reduced rates. As a result, plaintiff, who

had relied on receiving continued payments to buy equipment and expand its business, was forced to sell its equipment and terminate its business.

In its response to defendant's motion, plaintiff concedes that its state law breach of contract action against defendant is preempted by ERISA. Plaintiff, however, contends that it has standing to sue under ERISA as an assignee of the plan beneficiaries' health benefits and that even if it lacks such standing, its cause of action for promissory estoppel is not preempted. The court shall address these contentions separately.

### I. Standing

■ Section 502 of ERISA, 29 U.S.C. § 1132(a), provides that a civil action may be brought under ERISA by a plan "participant," "beneficiary," "fiduciary," or by the Secretary of Labor.[1] Courts have generally hewed to a literal construction of this section, rejecting standing under § 1132(a) to parties not specifically enumerated therein. See Hermann Hospital v. MEBA Medical & Benefits Plan, 845 F.2d 1286, 1288–89 (5th Cir.1988); Pressroom Unions Printers League Income Security Fund v. Continental Assurance Co., 700 F.2d 889 (2d Cir.1983). But see Fentron Industries v. National Shopmen Pension Fund, 674 F.2d 1300 (9th Cir.1982) (non-enumerated parties have standing under three-part test for determining "implied" standing to sue). Moreover, a court in this circuit has held that a health care provider possesses no ERISA standing in its own right. See Cameron Manor, Inc. v. United Mine Workers of America, 575 F.Supp. 1243 (W.D.Pa.1983).

Plaintiff therefore does not contend that it falls among the parties statutorily authorized to sue under § 1132(a). Instead, plaintiff asserts that it has derivative standing to sue as an assignee of the plan beneficiaries' health benefits. Three courts have held that health care providers possess such derivative standing. See Hermann Hospital, supra; Misic v. Building Service Employees Health and Welfare Trust, 789 F.2d 1374 (9th Cir.1986); Michael Reese Hospital and Medical Center v. Solo Cup Employee Health Benefit Plan, and Solo Cup Co., slip op., 1988 WL 142222, 1988 U.S. Dist. LEXIS 14932 (N.D. Ill. December 28, 1988).

The Third Circuit, however, has stated that standing under ERISA does not extend to assignees of plan benefits. See Northeast Dept. ILGWU Health and Welfare Fund v. Teamsters Local Union No. 229, 764 F.2d 147, 154 n. 6 (3d Cir.1985). See also Nationwide Mutual Insurance Co. v. Teamsters Health and Welfare Fund of Philadelphia and Vicinity, 695 F.Supp. 181 (E.D.Pa.1988). As the Court of Appeals noted, Congress simply made no provision in § 1132(a) for persons other than those enumerated to sue, including persons purporting to sue on their behalf. Northeast Dept. ILGWU, 764 F.2d at 154 n. 6. Plaintiff attempts to dismiss this reference as dicta, in that, the Court in Northeast Dept. ILGWU found that no assignment of benefits had in fact been made in that case. Dicta though it may have been, this footnote contains an unequivocal statement and provides clear guidance on the standing question here at issue which this court is not at liberty to disregard.

---

**1.** Section 502 of ERISA, 29 U.S.C. § 1132(a) (1976), provides:

A civil action may be brought—
(1) by a participant or beneficiary—(A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under terms of the plan;
(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
(4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of § 1025(c) of this title ...

Accordingly, the court concludes that plaintiff lacks standing to sue under ERISA.[2]

## II. *Promissory Estoppel*

■ ERISA's preemption clause provides in pertinent part that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" described under the statute. 29 U.S.C. § 1144. Courts have construed the phrase "relate to" in the broadest terms, holding that a state law "relates to" a benefit plan if it has any connection or reference to such a plan. *See Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1553–1554, 95 L.Ed.2d 39 (1987); *Shiffler v. Equitable Life Assurance Society*, 838 F.2d 78, 81 (3d Cir.1988). This is the case even when the state law in question is not specifically designed to affect employee benefit plans. *Id.*

Plaintiff concedes in its response to defendant's motion that its contract cause of action is preempted by § 1144. Nonetheless, plaintiff argues that its cause of action for promissory estoppel remains intact since that claim is unrelated to the benefit plan and therefore not governed by ERISA. While plaintiff cites no case in support of its theory, arguably the case of *Albert Einstein Medical Center v. Action Manufacturing Co.*, 697 F.Supp. 883 (E.D. Pa.1988) lends some support to plaintiff's position. There, in the context of a motion to remand to state court, the district court held that ERISA did not preempt an estoppel claim by a health care provider against an employer for services rendered to an employee. In that case, however, the claim was based on an allegation that an agent of the defendant's employee benefit plan expressly misrepresented that the plan covered expenses for the services provided

when, in fact, the plan did not. Thus, concluded the court, the claim was not based upon the terms of a benefit plan requiring payment for given services and therefore it did not "relate to" an employee benefit plan.

In the instant case, the right of the plan's beneficiaries to receive under the terms of the plan the services performed by plaintiff is at the core of its claim. Its claim is essentially that of an assignee or third-party beneficiary. Thus, in view of the broad scope given to ERISA's preemption provision, plaintiff's self-styled promissory estoppel claim in this case does "relate to" an employee benefit plan and accordingly is preempted by ERISA.

■ Moreover, an alleged broad and vague implied promise by one to pay another for goods or services provided to a third party, premised on one's obligation to the latter based on past payments, will not support a claim based on promissory estoppel or detrimental reliance. *See C & K Petroleum Products, Inc. v. Equibank*, 839 F.2d 188, 192 (3d Cir.1988). This appears to reflect a judgment that such conduct does not amount to a "promise" on which one might "reasonably" rely or be expected to rely.[3]

Similarly, plaintiff's contention that defendant is equitably estopped from denying plaintiff's entitlement to the payment sought or from asserting lack of standing under ERISA is unavailing. While conceptually distinct, there is no practical difference between promissory and equitable estoppel except that the former may serve as an independent cause of action while the latter is utilized as a defense or to preclude a defense from being raised. The essential elements are virtually the same for both.[4] *See Frymire v. PaineWebber, Inc.*, 1989

---

2. The court recognizes that to seek recompense plaintiff may have to sue the recipients of services who may in turn seek relief from The Travelers. While this may be administratively cumbersome, it is not unlike the framework found in other areas of law, most notably the pursuit of claims against insureds of group health plans.

3. Interestingly, nowhere in its complaint does plaintiff allege that any reliance upon defendant's words or conduct was reasonable.

4. The essence of each is reasonable reliance to one's detriment on the misleading words or conduct of another. *See Central Storage & Transfer Co. v. Kaplan*, 487 Pa. 485, 488–9 n. 2, 3, 410 A.2d 292 (1979); *Straup v. Times Herald*, 283 Pa.Super. 58, 71, 423 A.2d 713 (1980).

107 B.R. 506, 512 (E.D.Pa.1989); *Bao v. Bank of America, et al.,* C.A. No. 84–6013, slip op. at 5, 1986 WL 1807 (S.D. N.Y. February 3, 1986). Just as plaintiff has failed to meet the requirements necessary to sustain a promissory estoppel claim, it has failed on the same averments to establish a right to equitably estop defendant from asserting its ERISA defense.

Because standing is jurisdictional in nature, the defendant could not be estopped from asserting plaintiff's lack of standing, in any event. *See Insurance Corp. v. Compagnie Des Bauxites,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 377 n. 21, 98 S.Ct. 2396, 2404 n. 21, 57 L.Ed.2d 274 (1978); *Morast v. Lance,* 807 F.2d 926, 932 n. 6 (11th Cir.1987); *Rubin v. Buckman,* 727 F.2d 71, 72 (3d Cir.1984); *Bonar, Inc. v. Schottland,* 631 F.Supp. 990, 994 (E.D.Pa. 1986).

Accordingly, both counts of plaintiff's complaint must be dismissed.