**CARE UNIT HOSPITAL OF CINCINNATI, INC.,
Plaintiff,**

v.

**The TRAVELERS COMPANIES,
Defendant.**

No. C-1-90-196.

United States District Court,
S.D. Ohio, W.D.

March 25, 1991.

Robert Francis Barnes, Jr., Rack, Vale, Burke, Fitzgerald, Burns & Balash, Cincinnati, Ohio, for plaintiff.

Eliott Richard Good, Risa Dinitz Lazaroff, Chorpenning, Good & Mancuso, Columbus, Ohio, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING LEAVE TO FILE AMENDED COMPLAINT

SPIEGEL, District Judge.

This matter is before the Court for consideration of defendant's motion to dismiss for failure to state a cause of action and lack of standing (doc. 3). The plaintiff has responded (doc. 4), and the defendant has replied (doc. 5). For the reasons set forth below, defendant's motion to dismiss must be granted, but plaintiff is granted thirty days in which to file an amended complaint.

Defendant, The Travelers Insurance Company (Travelers) issued a group policy (plan) to the American Subcontractors Association, the plan sponsor, to provide group health insurance for its members. The Association then offered that group insurance to one of its members, Jacobs Block and Brick Layers, who then offered the plan to its active employees. Barry Smith, an active employee of Jacobs Block and Brick Layers, applied for insurance coverage under the plan.

Plaintiff, Care Unit Hospital of Cincinnati (Hospital), is a private for-profit provider of health care services with its principal place of business in Hamilton County, Ohio. On June 13, 1989, Barry Smith was admitted to the plaintiff hospital for health care. The plaintiff claims that it confirmed Mr. Smith's coverage under the plan, and received a confirmation of coverage by certified mail from the defendant. Mr. Smith remained a patient in plaintiff hospital until June 28, 1989, incurring charges of $7,169.67. The defendant was billed for this amount, but denied coverage, claiming that Mr. Smith's policy was cancelled in June, 1989.

Plaintiff, as an alleged third-party beneficiary of the plan, initiated this action in the Hamilton County Municipal Court, Hamilton County, Ohio for payment of the medical bills asserting claims for breach of contract and promissory estoppel under Ohio law. The defendant then removed this matter to this Court based on the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* and 28 U.S.C. § 1331.

The defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure alleging that ERISA is the exclusive vehicle for challenging the processing and denial of a claim for benefits under an ERISA-regulated plan, and that plaintiff's claims are therefore preempted by ERISA. In addition, the civil enforcement provisions of ERISA provide that a civil action may only be brought by a participant or beneficiary of an ERISA-regulated plan. According to the defendant, the plaintiff is neither a participant nor a beneficiary as those terms are defined by ERISA, and therefore lacks standing under ERISA to initiate the instant action.

The plaintiff responds that it is a third-party beneficiary of the insurance contract, and may therefore maintain an action for performance of the contract under Ohio law. The plaintiff further asserts that it is a beneficiary as that term is defined by ERISA, and therefore has standing to bring this action.

## STANDARD OF REVIEW

The Sixth Circuit, in *Westlake v. Lucas,* 537 F.2d 857 (6th Cir.1976), has stated the standard for review of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure: (1) All allegations in the complaint

are taken as true; the complaint is to be construed liberally in favor of the party opposing the motion; (2) The complaint need not set down in detail all particularities of plaintiff's claim; (3) Rule 8(a)(2) simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief;" (4) The complaint need only afford the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests; (5) A motion to dismiss under Rule 12(b)(6) should not be granted "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 858 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

## PREEMPTION

■ With certain exceptions, state law claims which relate to employee benefit plans are preempted by ERISA. 29 U.S.C. § 1144(a). State common law claims are preempted regardless of whether the state laws are specifically designed to affect employee benefit plans or not. *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir.1988). It is the law in this and many other circuits that common law claims for breach of contract and promissory estoppel are preempted by ERISA. *See Daniel*, 839 F.2d at 266; *see also Hermann Hospital v. MEBA Medical & Benefits Plan*, 845 F.2d 1286 (5th Cir.1988) and *Ellenburg v. Brockway, Inc. & Spellman Cunningham*, 763 F.2d 1091 (9th Cir.1985).

■ In the case at bar, the plaintiff attempts to state common law causes of action for breach of contract and promissory estoppel as they relate to an employee benefit plan. Both parties agree that the plan in question is an employee benefit plan as defined in ERISA. Such claims are preempted by ERISA pursuant to 29 U.S.C. § 1144(a).

## STANDING

■ The Civil Enforcement section of ERISA, 29 U.S.C. § 1132(a) provides, "A civil action may be brought—(1) by a participant or beneficiary— ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...." 29 U.S.C.A. § 1132 (1985). "Participant" is limited, by definition, to certain employees or former employees who are or may become eligible to receive benefits. 29 U.S.C. § 1002(7). "Beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C.A. § 1002(8) (1985). Therefore, in order to have standing to bring an ERISA action, the plaintiff must be either a "participant" or a "beneficiary."

■ In the case at bar, the plaintiff does not claim to be an employee and is therefore not a "participant" within the meaning of the statute. Although the plaintiff alleges that it satisfies the definition of "beneficiary" because it may become entitled to a benefit available under the plan to Barry Smith (the plan participant), this Court disagrees. The term "beneficiary" is defined to include only those persons *designated* by a participant or the terms of the plan. 29 U.S.C. § 1002(8). However, the plaintiff fails to demonstrate that it was designated as a beneficiary by either Mr. Smith or the plan itself. Further, the plaintiff has failed to set forth any facts in support of its contention that Mr. Smith designated it as a beneficiary of the benefits in question. Thus, the plaintiff is neither a participant nor a beneficiary within the meaning of 29 U.S.C. § 1132(a).

The plaintiff's claim that it has standing to sue under ERISA would more properly be stated as one for derivative standing as the assignee of Smith's health benefits. Although this Circuit has not yet addressed this issue, other Circuits have held that ERISA health care benefits are assignable. *See Hermann Hospital v. MEBA Medical & Benefits Plan*, 845 F.2d 1286 (5th Cir. 1988); *see also, Misic v. Building Service Employee's Health*, 789 F.2d 1374 (9th Cir. 1986). The Third Circuit, however, has held that standing under ERISA does not

extend to assignees of plan benefits because Congress made no provision in § 1132(a) for persons other than those specifically enumerated to bring a cause of action. *See Northeast Dept. ILGWU Health and Welfare Fund v. Teamsters Local Union No. 229*, 764 F.2d 147 (3d Cir.1985).

Lacking authority from this Circuit, this Court finds the opinions of the Fifth and Ninth Circuits persuasive. As noted in *Hermann Hospital*, ERISA contains a very complex and elaborate anti-assignment clause regarding ERISA pension benefits. *Hermann Hospital*, 845 F.2d at 1289. However, any reference to the anti-assignability of ERISA health benefits is conspicuously absent from the statute.

In addition, as stated by the United States Court of Appeals for the Fifth Circuit, "[T]he purpose of ERISA's proscription on assignment of pension benefits, '[t]o further insure that the employees' accrued benefits are actually available for retirement purposes,' would not be served by applying it to health care benefits." *Id.* (quoting H.R.Rep. No. 807, 93rd Cong., 2d Sess. 68 (1974), *reprinted in* 1974 U.S.Code Cong. & Ad. News 4639, 4670, 4734) (footnote omitted). In fact, an assignment of health care benefits directly to the health care provider would actually facilitate the employee's receipt of health care. If health care benefit assignees are denied standing under ERISA, those assignees would be forced to sue the individual beneficiary who would then be forced to maintain a separate action for benefits owed. This double litigation is unnecessarily inefficient and expensive, and may discourage some providers from serving those who are initially unable to pay. For those reasons, it is the opinion of this Court that Congress intended to allow the assignment of health benefits, and that a health care provider has standing to bring an action under ERISA by virtue of its position as assignee.

In the case at bar, the plaintiff claims that Mr. Smith assigned the health benefits to which he is entitled under the plan to the plaintiff. If Mr. Smith is a participant within the meaning of 29 U.S.C. § 1132(a), and he did in fact assign his health benefits to the plaintiff, the plaintiff stands in the shoes of the assignor and therefore has standing to bring an ERISA action to enforce those benefits under 29 U.S.C. § 1132(a).

## CONCLUSION

For the reasons set forth above, the plaintiff's claims for breach of contract and equitable estoppel are preempted by 29 U.S.C. § 1144(a). In addition, if Mr. Smith assigned his health benefits under the plan to the plaintiff, the plaintiff has standing to bring an action to recover those benefits under ERISA.

Accordingly, the defendant's motion to dismiss is hereby granted. However, this Court hereby grants leave to file an amended complaint stating a cause of action under ERISA, 29 U.S.C. § 1001, *et seq.* within thirty days of the date of this order.

SO ORDERED.