**Stephen SIMON, Plaintiff,**

v.

**VALUE BEHAVIORAL HEALTH INC., et al., Defendants.**

**No. SA CV 96–711 GLT [CC].**

United States District Court,
C.D. California.

March 5, 1997.

Stephen Simon, Jupiter, FL, pro. per.

Audrey Lyness, Barger & Wolen, Los Angeles, CA, Bruce Beckman, Jeffrey Smith, Beckman, Davis, Smith & Ruddy, L.L.P., Los Angeles, CA, Geoffrey Glass, Robins, Kaplan, Miller & Ciresi, Costa Mesa, CA, Guy O. Kornblum, Jeffrey J. Fowler, Bailey & Kornblum, San Francisco, CA, James P. Collins, Jr., Cotkin & Collins, Santa Ana, CA, Dale F. Kinsella, Jack G. Cairl, Jr., Alan R. Kossoff, Kinsella, Boesch, Fujikawa & Towle, Los Angeles, CA, Gregory H. Halliday, Michael J. Khouri, Deborah L. O'Connor, Sedgwick, Detert, Moran & Arnold, Irvine, CA, Erica S. Arouesty, Stephen L. Hewitt, Hewitt & Prout, North Hollywood, CA, Dennett F. Kouri, Sr., Geoffrey Tong, Meserve, Mumper & Hughes, Los Angeles, CA, Kirk A. Patrick, Gibson, Dunn & Crutcher, Los Angeles, CA, Ellen Kamon, Rosato & Samuels, North Hollywood, CA, Daniel W. Maguire, Mark Riekhof, Galton & Helm, Los Angeles, CA, Gordon E. Krischer, Kenneth E. Johnson, O'Melveny & Myers L.L.P., Los Angeles, CA, Kenneth L. Schmetter, Senior Supervising Attorney, City of Chicago, Department of Law, Chicago, IL, Patrick J. Mahoney, Chief Trial Attorney, Margaret W. Baumgartner, Deputy City Attorney, San Francisco, CA, Marta M. Fernandez, Rebecca L. Torrey, Lynne M. Hook, Jeffer, Mangels, Butler & Marmaro, Los Angeles, CA, Jeffrey L. Sikkema, Juan C. Basombrio, Dorsey & Whitney, L.L.P., Costa Mesa, CA, Ronald J. Cooke, Meghan A. White, Littler, Mendelson, Fastiff, Tichy & Mathiason, Los Angeles, CA, Mark A. Wooster, Universal City, CA, J. Thomas Bowen, Davis, Cowell & Bowe, San Francisco, CA, Roland C. Bainer, Clayson, Mann & Yaeger, Corona, CA, Marc J. Wodin, Law Offices of Marc J. Wodin, Woodland Hills, CA, J. Mark Waxman, Jonathon E. Cohn, Foley Lardner Weissburg & Aronson, Los Angeles, CA, Patrick T. Connor, DeCarlo, Connor & Selvo, Los Angeles, CA, Michael R. Feinberg, Los Angeles, CA, David C. Capell, J. Matthew Patton, Gordon & Rees, L.L.P., San Francisco, CA, Ronald J. Hein, Jr., Terrence T. Creamer, Chicago, IL, Sean P. Nalty, Wynne A. Ahern, Kelly & Herlihy, San Francisco, CA, Keith M. Parker, Rachelle Singer, Irvine, CA, Stephen M. Harris, Diron M. Ohanian, Knapp, Petersen & Clarke, Glendale, CA, Elizabeth W. Walker, Paul, Hastings, Janofsky & Walker, Los Angeles, CA, Alexander B. Cvitan, Esteban Lizardo, Darren Goodman, Reich, Adell, Crost & Cvitan, Los Angeles, CA, Ted L. Wilkes, New York City, Robert J. Stumpf, Jr., Lynn A. Bersch, Bronson, Bronson & McKinnon, L.L.P., San Francisco, CA, Stephanie L. Chilton, Hermosa Beach, CA, Robert L. Dysart, Bess & Dysart, Phoenix, AZ, W. Mark Wood, Phillip R. Kaplan, Todd A. Green, O'Melveny & Myers, L.L.P., Newport Beach, CA, Margaret H. Campbell, Andrea L. Bailey, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Atlanta, GA, John Provost, Beeson, Tayer & Bodine, Sacramento, CA, Lesley C. Green, Los Angeles, CA, Diane C. Blasdel, Selzer, Ealy, Hemphill & Blasdel, Rancho Mirage, CA, Scott A. Brooks, Daniels, Baratta & Fine, Los Angeles, CA, Robert S. Schulman, Linda Margolies Salem, Crosby, Heafey, Roach & May, Los Angeles, CA, Meghan K. Serwin, Paula Financial Inc., Pasadena, CA, Paul Alexander, Vanessa Wells, Palo Alto, CA, Richard J. Foster, Paone, Callahan, McHolm & Winton, Irvine, CA, Peter E. Romo, Jr., Horace W. Green, Seyfarth, Shaw, Fairweather & Gerald, San Francisco, CA, Philip M. Miller, Saltzman & Johnson Law Corp., San Francisco, CA, Mark Lipton, Lipton, Warnlof & Segal, Walnut Creek, CA, Jacob J. Stettin, Stettin & Cass, Los Angeles, CA, Robert S. Hark, Lewiston, ME, Patrick M. Smith, Nugent & Newnham, A.P.C., San Diego, CA, Ronald K. Alberts, Jeffrey A. Katz, Frye, Alberts & Malchow, Los Angeles, CA, Neil J. Barker, Gronemeier & Barker, Pasadena, CA, Marc A. Becker, Munger, Tolles & Olson, L.L.P., Los Angeles, CA, David T. DiBiase, Regina R. Wong, Los Angeles, CA, Jana I. Lubert, Lewis, D'Amato, Brisbois & Bisgaard, Los Angeles, CA, Marc Epstein, Gaims, Weil,

West & Epstein, L.L.P., Los Angeles, CA, Judith A. Ripps, Harnett Lesnick & Ripps, P.A., Boca Raton, FL, Douglas A. Kuber, Quinn Emanuel Urquhart & Oliver, L.L.P., Los Angeles, CA, Scott D. Norton, Sullivan, Ward, Bone, Tyler & Asher, P.C., Southfield, MI, Owen Strange, Booth, Mitchel & Strange, L.L.P., Los Angeles, CA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

TAYLOR, District Judge.

The Court holds a third party who is not a health care provider lacks standing to sue on an assigned claim for ERISA benefits payment.

Plaintiff sues over 1,600 defendants to recover ERISA benefits allegedly due. Although not a health care provider, Plaintiff holds assigned claims from six health care providers and over 600 individual participants or beneficiaries.[1]

Under the Employees Retirement Income Security Act of 1974 (ERISA), plan participants or beneficiaries are permitted to bring civil enforcement actions to recover plan benefits. 29 U.S.C. § 1132(a)(1)(B). A "participant" is defined as "any employee ... who is or may become eligible to receive a benefit of any type from an employee benefit plan...." 29 U.S.C. § 1002(7). A "beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

ERISA creates "six carefully integrated civil enforcement provisions" which identify who may pursue a claim under the statute. *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985). The Ninth Circuit has held ERISA does not forbid a beneficiary from assigning a right of reimbursement un-

der a medical plan to his health care provider. *Misic v. Building Service Employees Health and Welfare Trust,* 789 F.2d 1374, 1377 (9th Cir.1986). But, Plaintiff fails to present persuasive authority supporting standing of a third party ERISA claim assignee other than the beneficiary's health care provider.[2]

Other courts have permitted standing based on assignments of ERISA claims to health care providers. *See Lutheran Medical Center v, Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan,* 25 F.3d 616, 620 (8th Cir.1994); *Hermann Hospital v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1290 (5th Cir.1988); *Protocare of Metropolitan N.Y., Inc. v. Mutual Ass'n Administrators, Inc.,* 866 F.Supp. 757, 762 (S.D.N.Y.1994); *Care Unit Hospital v. Travelers Companies,* 787 F.Supp. 750, 753 (S.D.Ohio 1991); *Belmont Community Hospital v. Local Union No. 9,* 737 F.Supp. 1034, 1037 (N.D.Ill.1990). *But see Northeast Dept. ILGWU Health and Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund,* 764 F.2d 147, 154 n. 6 (3d Cir.1985) (expressing "serious doubts" over whether assignment of ERISA claims was valid under 29 U.S.C. § 1132(a)(1)(B)). However, apparently no court has recognized an assignment to a third party who is not a health care provider.

Without further authority from the Ninth Circuit, this Court will not "tamper with an enforcement scheme crafted with such evident care," *Massachusetts Mutual,* 473 U.S. at 147, 105 S.Ct. at 3093, and recognize the standing of a third party not specifically authorized by Congress in section 1132(a). The Ninth Circuit and other circuits have expanded that class to health care providers, but this Court will not expand it further. Accordingly, the Court holds Plaintiff does not have standing to pursue assigned claims for payment of ERISA benefits. Defendants'

---

1. Plaintiff was not assigned these claims from the individuals themselves. Apparently, he received these assignments from six health care providers who had the claims assigned to them by the individuals. Thus, Plaintiff is the assignee of an assignee.

2. In *Misic,* the court concluded ERISA did not forbid a health care provider assignment because "the general goal of the statute would [not] be served by prohibiting the type of assignments involved in this case." 789 F.2d at 1377. Unlike in *Misic,* Plaintiff here does not have the same personal interest in dealing directly with the trust fund as does a health care provider.

Motions to Dismiss Plaintiff's ERISA claims are GRANTED without leave to amend.