Stephen SIMON, individually and as ultimate assignee of Humanistic Mental Health Foundation, Plaintiff,

v.

CYRUS AMAX MINERALS HEALTH CARE PLAN, and Chris Crowl, individually and as Plan Administrator, Defendants.

No. Civ.A. 99–B–1791.

United States District Court, D. Colorado.

Aug. 4, 2000.

Stephen Simon, plaintiff pro se.

Robert N. Miller, Mary L. Will, Leboeuf, Lamb, Greene & Macrae, LLP, Denver, CO, Frank Cummings, Leboeuf, Lamb, Greene & Macrae, LLP, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, Chief Judge.

Plaintiff Stephen Simon brings claims under ERISA for denial of healthcare benefits and breach of fiduciary duty. Cyrus Amax Minerals Health Care Plan and Chris Crowl (collectively "Defendants") each move to dismiss under Fed.R.Civ.P. 12(b)(6). Oral argument would not aid my resolution of these matters. Having the benefit of the briefs to construe properly the claims in question, and for the following reasons, I grant Defendants' motions to dismiss. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, or alternatively, 28 U.S.C. § 1332.

### I. Background

The following facts are taken from Plaintiff's complaint. From October 17, 1990 to December 7, 1990 Humanistic Mental Health Foundation ("Humanistic") provided medical care to a patient identified anonymously in the complaint as "J.W." J.W. was insured by Defendant Cyrus Amax Minerals Company Health Benefits Plan (allegedly misidentified in the complaint as Cyprus Amax Minerals Health Care Plan) (the "Plan"). J.W. assigned his claim for medical coverage to Humanistic, who submitted its charges to the Plan's claims administrator, Connecticut General Life Insurance Company ("CIGNA"). CIGNA paid a portion of the claims and denied the rest. Humanistic pursued administrative appeals to no avail. At some point, Humanistic assigned its right to Plaintiff. Plaintiff brings claims under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461, ("ERISA") for unpaid medical benefits and breach of fiduciary duty.

### II. Motion to Dismiss

Under Rule 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied. *See id.* In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State School for Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir.1999).

Fed.R.Civ.P. 12(b)(6) does not provide a procedure for resolving a contest about the facts or merits of the case. Thus, one must read Fed.R.Civ.P. 12(b)(6) in conjunction with Fed.R.Civ.P. 8(a), which sets forth the requirements for pleading a claim in federal court. Fed.R.Civ.P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not contain detailed facts, but it must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99. A plaintiff is not required to state precisely each element of the claim. 5 Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, at 154–59 (1990). Nonetheless, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988).

I construe Plaintiff's pleadings liberally and as a whole because he appears *pro se.* In *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991), the Tenth Circuit established the legal standards by which a *pro se* pleading is measured:

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal au-

thority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the *pro se* litigant.

*Hall,* 935 F.2d at 1110 (citations omitted). However, *pro se* status "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based," *id.,* or excuse a failure to follow the fundamental rules of civil and appellate procedure. *See Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994), *cert. denied,* 513 U.S. 1090, 115 S.Ct. 750, 130 L.Ed.2d 650 (1995).

### A. Standing Under ERISA

Defendants first argue that Plaintiff lacks standing to bring a claim under ERISA. I agree. Under ERISA, a plan participant or beneficiary may bring a civil enforcement action "to recover benefits due to him under the terms of his plan...." 29 U.S.C. § 1132(a)(1)(B), or to recover for breach of fiduciary duties. 29 U.S.C. § 1132(a)(3). A participant is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan...." 29 U.S.C. § 1002(7). A beneficiary is a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

The United States Supreme Court has noted the extreme care Congress took in drafting ERISA, and has held that the statutory list of persons or entities entitled to sue is exclusive. *See Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 146–48, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (denying extra contractual claims not enumerated in statute); *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 27, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (suit for similar relief by a party other than a participant, beneficiary, or fiduciary does not "arise under" the ERISA enforcement provision).

A number of courts have crafted an exception to this strict statutory plan and allowed a medical service provider to sue as assignee of a plan participant. *See, e.g., Lutheran Medical Center v. Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan,* 25 F.3d 616, 620 (8th Cir.1994); *Hermann Hospital v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1290 (5th Cir.1988); *Misic v. Building Service Employees Health and Welfare Trust,* 789 F.2d 1374, 1377 (9th Cir. 1986); *Protocare of Metropolitan N.Y., Inc. v. Mutual Ass'n Administrators, Inc.,* 866 F.Supp. 757, 762 (S.D.N.Y.1994); *Care Unit Hospital v. Travelers Companies,* 787 F.Supp. 750, 753 (S.D.Ohio 1991); *Belmont Community Hospital v. Local Union No. 9,* 737 F.Supp. 1034, 1037 (N.D.Ill. 1990); *Stormont–Vail Regional Medical Center v. Kansas Bldg. Trades Open–End Health and Welfare Fund Uninsured Ben. Plan,* No. CIV.A. 88–4146, 1990 WL 11377 (D.Kan. Jan.08, 1990). *But see, Health Scan, Ltd. v. Travelers Ins. Co.,* 725 F.Supp. 268, 269 (E.D.Pa.1989); *Northeast Dept. ILGWU Health and Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund,* 764 F.2d 147, 154 n. 6 (3d Cir.1985) (expressing "serious doubts" over whether assignment of ERISA claims was valid under 29 U.S.C. § 1132(a)(1)(B)). These assignments serve a beneficial purpose, as they allow health care providers to serve patients without first screening for solvency, and save patients from paying potentially crippling medical bills while awaiting reimbursement. *See Misic,* 789 F.2d at 1377. As a result, such a scheme furthers the intent of Congress. *See Hermann Hospital,* 845 F.2d at 1289 n. 13.

However, no court has recognized an assignment to a third party who is not a health care provider. *See Simon v. Value Behavioral Health Inc.,* 955 F.Supp. 93 (C.D.Cal.1997) (denying claim by Plaintiff

Stephen Simon in identical suit against 1,600 defendants with 600 assigned claims), *aff'd,* 208 F.3d 1073 (9th Cir.2000) (finding that to allow Mr. Simon to sue as assignee of an assignor "would be tantamount to transforming health benefit claims into a freely tradable commodity" and "would allow third parties with no relationship to the beneficiary to acquire claims solely for the purpose of litigating them" in a scheme contrary to ERISA's purpose); *Clinical Partners, Inc. v. Guardian Life Ins. Co. of America,* No. 94–CV–1199, 1996 WL 294361 *4 (E.D.N.Y. May 30, 1996) ("If health care providers, as assignees, could assign their legal rights ... they could inflate their charges, collect the usual and customary payment for services under the plans and then sell causes of action to unrelated third parties such as the plaintiff. Neither employees nor health care providers would have an incentive to prevent overbilling, while employers would be faced with the enormous variable of potential litigation.").

While the Tenth Circuit has not passed on this issue yet, I am convinced that they would follow the clear majority of courts in denying claims by third party assignees who have no connection to the patient. *See Stormont–Vail Regional Medical Center v. Kansas Bldg. Trades Open–End Health and Welfare Fund Uninsured Ben. Plan,* No. CIV.A. 88–4146, 1990 WL 11377 (D.Kan. Jan.08, 1990) (following majority in absence of Tenth Circuit law allowing claim by assignee of patient).

Plaintiff argues first that he is a health care provider, and as such has standing. He points to his 1979 status in California as a "psychological assistant." Plaintiff's Exhibit A. Plaintiff misunderstands the crux of the previously cited cases. Suits by health care providers as assignees are not allowed because of their status as health care providers *per se,* but are allowed only when the plaintiff has provided care to the plan participant and then sues based on that care. Only under that scheme are the policy advantages for such an exception logical.

Plaintiff next argues that he is a beneficiary under the plain terms of the statute. Not only is the weight of authority against this position, *see supra,* but the text of the statute is as well. A beneficiary is a "person *designated by a participant,* or under the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8) (emphasis added). Plaintiff here does not allege that "J.W." assigned his rights to Plaintiff. Rather, Plaintiff was assigned rights by J.W.'s assignee. Nor does Plaintiff argue that he has rights under the terms of the benefit plan. Given the narrow interpretation given these provisions by the United States Supreme Court, *see Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 146–48, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), I am not free to read additional exceptions into the statute.

Finally, Plaintiff argues under a variety of cases that assignment has been allowed by the courts. While he is correct that rights are generally are assignable, except where assignment is prohibited by contract, by operation of law, or where the matter involves a matter of personal trust or confidence, *see Parrish Chiropractic Centers, P.C. v. Progressive Cas. Ins. Co.,* 874 P.2d 1049, 1052 (Colo.1994), assignment of rights under ERISA has been limited by Congress and the courts. Additionally, Plaintiff correctly points out that assignment to health care providers has been allowed. However, as previously discussed, Plaintiff is not a health care provider for these purposes.

I therefore conclude that Plaintiff lacks standing to sue under ERISA.

### B. Statute of Limitations and Laches

Given my finding on standing, it is unnecessary to address Defendants' statute of limitation and laches arguments.

Accordingly, IT IS ORDERED that:

1. Defendant Cyrus Amax Minerals Healthcare Plan's motion to dismiss is GRANTED.

2. Defendant Chris Crowl's motion to dismiss is GRANTED.